**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James E. WASHINGTON, Defendant–Appellant.**

**No. 96–3092.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 26, 1997.

Decided March 17, 1997.

Barry Rand Elden, Chief of Appeals, Mark Filip (argued), Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Frank Lipuma (argued), Chicago, IL, for Defendant–Appellant.

Before EASTERBROOK, RIPPLE, and MANION, Circuit Judges.

EASTERBROOK, Circuit Judge.

"Notwithstanding any other provision of law, a person who is convicted . . . of a serious violent felony shall be sentenced to life imprisonment" if he has been convicted "on separate prior occasions . . . of . . . 2 or more serious violent felonies". 18 U.S.C. § 3559(c)(1). This "three strikes" law applies to James E. Washington, who was convicted in 1973 of murder (he shot a robbery victim in the back with a sawed-off shotgun) and in 1987 of attempted murder (he robbed his father and then stabbed him in the throat), followed by three bank robberies in 1995. Each crime came shortly after his release from prison for the earlier offense. Inability to deter people like him by imprisonment is the reason Congress added the three-strikes provision to the statute books in 1994. Its goal is incapacitation.

■ Washington contends that the evidence does not support the most recent convictions, but his fingerprints were found on the demand notes; an expert testified that the handwriting was his; tellers at two banks identified him as the robber; three confederates testified and implicated him. It is an understatement to say that a reasonable jury could have found Washington guilty.

■ His argument that the bank robberies were not "serious violent felonies" is likewise unavailing. Washington concedes that the crimes qualify as "serious violent felonies" by virtue of 18 U.S.C. § 3559(c)(2)(F)(i), for that subsection includes "robbery (as described in section 2111, 2113, or 2118)" among offenses that automatically meet the statutory test. Nonetheless, he maintains, his bank robberies are excluded by § 3559(c)(3)(A):

> Robbery, an attempt, conspiracy, or solicitation to commit robbery; or an offense described in paragraph (2)(F)(ii) shall not serve as a basis for sentencing under this subsection if the defendant establishes by clear and convincing evidence that—
>
> (i) no firearm or other dangerous weapon was used in the offense and no threat of use of a firearm or other dangerous weapon was involved in the offense; and
>
> (ii) the offense did not result in death or serious bodily injury (as defined in section 1365) to any person.

None of the three robberies led to injury or death; subsection (ii) has been satisfied. But each of the three notes stated, among other things, "I have a gun." Such a statement implies a "threat of use of a firearm" and prevents Washington from satisfying subsection (i). Cf. *United States v. Hunn*, 24 F.3d 994 (7th Cir.1994). Washington believes that it is enough to establish one branch of § 3559(c)(3)(A)(i). By his lights, if the criminal shows either that no gun was used, or that no use of a weapon was threatened, then the crime cannot be a "serious violent felony". That reading makes hash of the statute. Suppose that, without warning, a robber fires a gun at the teller but misses. Washington's argument implies that this crime is not a serious violent felony, because there was no advance threat of using a weapon, and no injury. On his reading, the "mere" use of a gun, without a threat, does not count—just as, in this case, a threat without use does not count. That is not what the statute says. The word connecting the clauses in subsection (i) is "and", not "or"; the defendant must satisfy both requirements. The statements in the demand notes prevent Washington from meeting the no-threat condition.

■ Thus we arrive at Washington's principal argument: that mandatory life im-

prisonment for three serious violent felonies violates the Constitution. He appeals to almost every one of the Bill of Rights, but none offers him any aid. The cruel and unusual punishments clause of the eighth amendment permits life imprisonment for a single drug crime. *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). Life for a repeat bank robber whose record includes murder and attempted murder is an easy case. *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980); *Hutto v. Davis,* 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982). Contrary to Washington's submission, recidivist statutes do not violate the ex post facto clause of Article I or the double jeopardy clause of the fifth amendment. *Witte v. United States,* — U.S. ——, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995); *Williams v. Oklahoma,* 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959). The three-strikes law was enacted before Washington committed the bank robberies, so he had fair warning of the consequences attached to new violent offenses. The proposition that the three-strikes law has a disparate impact on minorities is (a) unsupported as a matter of fact, and (b) irrelevant as a matter of law, for equal-protection principles deal with intentional discrimination and do not require proportional outcomes. *United States v. Armstrong,* — U.S. ——, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996); *Personnel Administrator of Massachusetts v. Feeney,* 442 U.S. 256, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979).

As for the contention that § 3559(c) offends principles of separation of powers by giving the prosecutor too much power over the sentence—or the due process clause of the fifth amendment by giving the judge too little—neither prosecutorial discretion nor mandatory sentences pose constitutional difficulties. If one person shoots and kills another, a prosecutor may charge anything between careless handling of a weapon and capital murder. The prosecutor's power to pursue an enhancement under § 3559(c)(1) is no more problematic than the power to choose between offenses with different maximum sentences. *See United States v. Batchelder,* 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979). Section 3559(c)(1) does not specify a mandatory sentence for a crime; it sets a minimum sentence for a combination of a serious crime and a repeat violent offender. Punishment thus varies with the gravity of the offenses. Not that Congress has to allow such variation. As we discussed in *United States v. Pinto,* 875 F.2d 143 (7th Cir.1989), when rejecting a constitutional challenge to the Sentencing Guidelines, at the time the Constitution and Bill of Rights were adopted, mandatory sentences were the norm in federal cases. Just as in 1787, today "Congress has the power to define criminal punishments without giving the courts any sentencing discretion." *Chapman v. United States,* 500 U.S. 453, 467, 111 S.Ct. 1919, 1928, 114 L.Ed.2d 524 (1991). *See also Ex parte United States,* 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129 (1916). We therefore agree with *United States v. Farmer,* 73 F.3d 836 (8th Cir.1996), that the three-strikes law satisfies all constitutional requirements.

AFFIRMED.