# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-4130

_____

United States of America,    *
                         *
        Appellee,       *
                         * Appeal from the United States

      v.                  * District Court for the
                         * Southern District of Iowa.
Cirilo Mendoza,         *
                         *
        Appellant.      *

_____

Submitted:  June 10, 1997

Filed:  August 14, 1997

_____

Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and
     WOLLMAN, Circuit Judge.

_____

HENLEY, Senior Circuit Judge.

A jury convicted Cirilo Mendoza of conspiracy to distribute and possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841, 846. The

district court [1] sentenced him to the mandatory minimum sentence of 240 months.  On appeal Mendoza attacks his conviction and sentence.  We affirm.

**Background**

Mendoza and Martha Wheeler were charged with conspiring to distribute and possess methamphetamine. After the government appealed a district court order granting Wheeler's suppression motion, the district court granted Mendoza's severance motion and set his trial date for October 2, 1995.  However, on that date the court entered an order precluding the government from using a statement Wheeler had made  implicating Mendoza.  The government again appealed.  On appeal, this court reversed "the district court's granting Wheeler's suppression motion," but affirmed its "order prohibiting the government from using Wheeler's statement to implicate Mendoza."  United States v. Mendoza, 85 F.3d 1347, 1352 (8th Cir. 1996).

After the mandate issued on July 16, 1996, the district court set Mendoza's trial  for September 3, 1996.  On August 29, 1996, Mendoza filed a motion to dismiss the case, alleging violations of the Speedy Trial Act, 18 U.S.C. §§ 3161-74, and the Sixth Amendment.

---

[1]The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

Also, on August 29, the government filed an information regarding Mendoza's previous felony convictions for a sentence enhancement under 21 U.S.C. § 851. Mendoza filed a motion to strike the information, alleging it was untimely. The district court denied both motions, and Mendoza's trial began as scheduled.

The evidence viewed in a light most favorable to the jury verdict reveals the

following.  On July 28, 1995, Carmella House agreed to cooperate in a federal-state investigation of methamphetamine trafficking.  House told the agents that her source for methamphetamine was Martha Wheeler and that Wheeler's source was Mendoza. House also told the agents that she was going to purchase one pound of methamphetamine from Wheeler later that day and, as in a past purchase, the drugs would be placed in a culvert next to a tire and a metal pipe beside a gravel road in a wooded area.  At 12:20 p.m. several agents went to the drop site, but found no drugs.  At 12:55 p.m. House received a telephone call from Wheeler.  After making arrangements, House, accompanied by an undercover agent, went  to meet Wheeler. House gave Wheeler the money, but Wheeler told House that the methamphetamine was not at the drop site, but that "he" would deliver it to the site by 4:00 p.m.

In the meantime, around 2:00 p.m., a mail carrier noticed a car go off the road into a ravine near the drop site.  A few moments later, the carrier saw Mendoza walking out of the wooded area and offered assistance. A short time later, a tow-truck and a deputy sheriff arrived.  When the sheriff asked Mendoza why he was in the area, he replied he needed to use the woods to defecate.  Around 3:00 p.m , federal and state agents en route to the drop site saw the wrecker and Mendoza.  On searching the site, the agents found a pound of

-4-

methamphetamine in a tire near a tube in a culvert.  The agents radioed the deputy sheriff to hold Mendoza. The deputy told them  Mendoza's excuse for being in the woods.  The agents looked for defecation, but did not find any.

**Discussion**

On appeal Mendoza raises numerous issues, all of which are without merit.  The delay occasioned by the government's appeal did not violate the Speedy Trial Act, <u>see</u>

18 U.S.C. § 3161(h)(1)(E) (excluding "delay resulting from any interlocutory appeal"), or the Sixth Amendment, see United States v. Thirion, 813 F.2d 146, 154 (8th Cir. 1987) ("unusual case in which the sixth amendment right has been violated when the act's time limit has been met"). Nor, as Mendoza argues, did the delay prejudice him. Contrary to his assertion, the government was not required to file its information regarding prior convictions before the start of the first trial date. "We have held that, for purposes of section 851, the government must file its information before jury selection begins." United States v. Robinson, 110 F.3d 1320, 1327 (8th Cir. 1997).

Although Mendoza is correct that mere proximity to a crime scene is in itself an insufficient basis upon which to convict, see id. at 1324-25, in this case the evidence showed far more than mere proximity. Indeed, there was overwhelming circumstantial evidence to support the conspiracy and possession verdicts. In addition, the district court did not err in allowing a witness' in-court identification of Mendoza as the person she saw near the drop site in mid-July 1995 or in admitting the statement of an uncharged co-conspirator under Fed. R. Evid. 801(d)(2)(E).

Last, Mendoza contends that the imposition of the mandatory minimum sentence is unconstitutional. However,

as he concedes, this court has rejected his argument. See, e.g., United States v. Prior, 107 F.3d 654, 658-60 (8th Cir. 1997) (mandatory life sentence for possession with intent to distribute methamphetamine does not violate Due Process or Equal Protection Clauses, the Eighth Amendment, or separation-of-powers doctrine), petition for cert. filed, (U.S. Apr. 3, 1997) (No. 96-8478).

Accordingly, we affirm the district court's judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.