**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4671

JEFFREY SCOTT NEILSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
Irene M. Keeley, District Judge.
(CR-96-17)

Submitted: February 10, 1998

Decided: April 20, 1998

Before WILKINS, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lori M. Hood, COOPER & PRESTON, Parsons, West Virginia, for
Appellant. William D. Wilmoth, United States Attorney, Zelda E.
Wesley, Assistant United States Attorney, Clarksburg, West Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Jeffrey Scott Neilson appeals from the fifteen-year sentence imposed upon his guilty plea to being a felon in possession of a firearm, 18 U.S.C. § 922(g) (1994). Neilson claims, first, that the district court erred by considering his prior conviction of third degree arson as a "violent felony" for purposes of sentencing him as an armed career criminal, 18 U.S.C. § 924(e) (1994). Second, Neilson claims that the mandatory minimum sentence provided by § 924(e) violates the doctrine of separation of powers. For the reasons that follow, we affirm.

The plea agreement provided that, if Neilson had three previous convictions for either a violent felony or a serious drug offense, the enhancement under § 924(e) would apply, giving him a fifteen-year minimum term of imprisonment. Neilson was convicted in West Virginia state court in 1987 of third degree arson, defined as the willful, malicious burning of personal property with a value of at least five hundred dollars, W. Va. Code § 61-3-3 (1997), and is punishable by imprisonment of "not less than one nor more than three years." Id. The only issue is whether this conviction constitutes a "violent felony" within the meaning of § 924(e).

Section 924(e) defines a violent felony to include any crime punishable by imprisonment for a term exceeding one year that "is burglary, arson, or extortion, . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In United States v. Taylor, 495 U.S. 575 (1990), the Supreme Court adopted a categorical approach to examine the statutory definition of a crime to determine whether it falls within the ambit of § 924(e). For the enhancement to apply, the statutory definition must substantially correspond to the "generic" crime at issue. Id. at 598. Because West Virginia's definition of third degree arson substantially corresponds with the generic definition of arson, we find that the district court did not err by including Neilson's conviction for purposes of applying the enhancement under § 924(e). See United States v. Hathaway, 949 F.2d 609, 610 (2d Cir. 1991) (holding that third degree arson conviction in Vermont met definition of arson for

2

purposes of § 924(e): "[T]he proper inquiry . . . is solely a comparison of the elements of arson in Vermont to that crime's generic elements").

Neilson also maintains that the mandatory sentence provision found in § 924(e) violates the separation of powers doctrine. This court, among others, has rejected this claim. See United States v. Jackson, 863 F.2d 1168, 1171 (4th Cir. 1989); see also United States v Mendoza, 121 F.3d 441 (8th Cir. 1997); United States v. Washington, 109 F.3d 335, 338 (7th Cir. 1997), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3257 (U.S. Oct. 6, 1997) (No. 96-9415).

Accordingly, we affirm Neilson's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

3