**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4094

CRAIG B. BOONE, a/k/a Jay Mason,
a/k/a Samuel Said,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CR-95-222-WMN, CR-95-223-WMN)

Submitted: June 23, 1998

Decided: July 9, 1998

Before HAMILTON, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James K. Bredar, Federal Public Defender, Steven F. Reich, Assistant
Federal Public Defender, Elizabeth L. Pearl, Assistant Federal Public
Defender, Greenbelt, Maryland, for Appellant. Lynne A. Battaglia,
United States Attorney, Gregory Welsh, Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Craig B. Boone ("Boone") appeals his convictions on charges arising out of a series of armed robberies and the resulting sentences he received. The two primary issues Boone raises in this appeal were addressed in two separate memorandum opinions of the district court. The first,[1] dated September 28, 1995, denied Boone's motion to dismiss one count of a three-count indictment against him. The count challenged by Boone alleged he interfered with interstate commerce in violation of the Hobbs Act[2] by robbing a Baltimore convenience store. Boone asserted that application of the Hobbs Act to the robbery in question was unconstitutional in that it "[ran] afoul of limitations on the reach of the Commerce clause" [3] that the Supreme Court announced in United States v. Lopez. [4]

The second opinion[5] on which Boone focuses was issued on January 23, 1997, and denied Boone's motion to reject the Government's proposed enhancement of his sentence pursuant to the so-called "three strikes" law.[6] Boone challenged the enhancement on the ground that, as applied, it violated "the substantive and procedural due process rights of the Fifth Amendment, the separation of powers doctrine, the Eighth Amendment's protection against cruel and unusual punishment, the Fifth Amendment's double jeopardy prohibition . . . [and] the prohibition against bills of attainder." [7]

_____

[1] J.A. at 165-68.
[2] 18 U.S.C. § 1951 (1994).
[3] J.A. at 165.
[4] 514 U.S. 549 (1995).
[5] J.A. at 30-46.
[6] 18 U.S.C. § 3559(c) (1994).

[7] J.A. at 31.

2

Turning first to Boone's <u>Lopez</u>-based challenge to the Hobbs Act, we agree with the district court's conclusion that the Hobbs Act is "readily distinguishable" from the Gun-Free School Zone Act of 1990, the statute declared unconstitutional in <u>Lopez</u>. As the court noted, unlike the Gun-Free School Zone Act, the Hobbs Act contains a "jurisdictional element" that specifically requires a finding of an effect on interstate commerce.[8] Therefore, the Hobbs Act has just the sort of mechanism requiring a "case-by case inquiry" into the validity of its application under the Commerce Clause that the Supreme Court found lacking in <u>Lopez</u>.[9]

We also disagree with Boone's argument regarding the constitutionality of the enhancement of his sentence pursuant to the "three strikes" law. Like the district court, we conclude that Boone's assertion that application of the "three strikes" law to him violates the substantive due process guarantees of the Fifth Amendment is governed by <u>Chapman v. United States</u>.[10] In that case, the Supreme Court held that the "compelling interest" analysis to which criminal classifications are usually subjected is only applicable to criminal <u>convictions</u>, and that, once a person is convicted, the use of a classification-based penalty in sentencing does not violate due process"so long as that penalty is not cruel and unusual . . . and so long as the penalty is not based on an arbitrary distinction."[11]

We agree with the district court's conclusion that the "three-strikes" enhancement is not based on an arbitrary distinction. As the court noted, Boone's argument that the "three strikes" law is arbitrary in that it places no limits on the age of convictions that constitute "strikes" has been addressed with regard to other cumulative sentencing provisions. In such cases, this court and others have clearly held that use of a relatively "old" conviction under a cumulative sentencing provision does not render application of that provision invalid.[12]

_____

[8] J.A. at 167.
[9] See J.A. at 167 (quoting <u>United States v. Lopez</u>, 514 U.S. 549 (1995)).
[10] 500 U.S. 453 (1991).
[11] **Chapman v. United States**, 500 U.S. 453, 465 (1991).
[12] **See, e.g., United States v. Presley**, 52 F.3d 64, 69-70 (4th Cir. 1995) (affirming use of a 1973 conviction in a 1994 cumulative sentence under

3

Similarly, we find nothing arbitrary about the mandatory nature of the life sentence under the "three strikes" law. Like the district court, we recognize that the argument that mandatory sentences violate substantive due process has been unsuccessful in a number of decisions of circuit courts of appeals,[13] and add that it was specifically refuted by the Seventh Circuit in United States v. Washington.[14] Here, we find no difference between Boone's argument in this regard and those rejected in the cases cited by the district court in its opinion. Accordingly, we decline to disturb the district court's conclusion that the "three strikes" law does not violate the substantive due process guarantees of the Fifth Amendment.

We next turn to Boone's argument that the "three strikes" law violates the Fifth Amendment's guarantee of procedural due process in that it "precludes sentencing courts from considering whether a defendant actually deserves a life sentence."[15] The district court accurately characterized this argument as one asserting that under a cumulative sentencing provision like the "three strikes" law, a defendant should be afforded "a pre-sentence opportunity to challenge the prior convictions [that constitute the first two `strikes']."[16] As such, the court found this issue to be governed by Custis v. United States,[17] in which the Supreme Court held that procedural due process did not require such an opportunity with regard to cumulative sentences under the ACCA. We agree.

Although we recognize, as Boone asserts, that the penalty under the "three strikes" law (life without parole) is more severe than that avail-

_____

Armed Career Criminal Act ("ACCA"), 18 U.S.C.§ 924(e) (1994)); United States v. Preston, 910 F.2d 81, 89 (3d Cir. 1990) (holding relative age of conviction used under ACCA does not render application of that provision violative of the substantive due process guarantees of the Fifth Amendment).

**13** See J.A. at 36.
**14** 109 F.3d 335 (7th Cir. 1997), cert. denied, 118 S.Ct. 134 (1997).

**15** Appellant's Br. at 21.
**16** J.A. at 39.

**17** 511 U.S. 485 (1994).

able under the ACCA, we also agree with the district court's determination that this difference does not entitle Boone to the relief he desires. As the district court put it, "[t]he case law . . . consistently draws the crucial line [demarcating additional procedural protections] <u>above</u>, not below, the sentence of life without parole."**18** Thus, we affirm the district court's conclusion that Boone was not entitled to further procedural protections under the "three strikes" law.

We also decline to disturb Boone's sentence on the two further grounds he raises in this appeal. First, we find no error in the district court's jury instruction that the Hobbs Act can be applied if the crime in question creates either "an actual or <u>potential</u> affect [sic] on commerce between any two or more states."**19** As the Government asserts, the Hobbs Act is a direct regulation of interstate commerce--i.e. a regulation intended to "protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities."**20** Therefore, as the Hobbs Act is "a general regulatory statute bear[ing] a substantial relation to commerce, the de minimis character of individual instances arising under [it] is of no consequence." **21** Or, as this court has stated with regard to the Hobbs Act, interstate commerce is deemed affected "though the impact upon commerce is small, and it may be shown by proof of probabilities without evidence that any particular commercial movements were affected."**22**

Further, when read in context, the "potential effect" portion of the charge is clearly intended to cover an attempted robbery situation.**23** As attempt is indisputably covered under the Hobbs Act, we find that this instruction is thus consistent with the statute. Based on the foregoing, we decline to disturb Boone's conviction on this ground.

_____

**18** J.A. at 40 (citing <u>Harmelin v. Michigan</u>, 501 U.S. 957 (1991)).
**19** **Id.** at 92 (emphasis added).
**20** **Lopez**, 514 U.S. at 558.
**21** **Id.** (quoting <u>Maryland v. Wirtz</u>, 392 U.S. 183, 197 n.27 (1968)) (emphasis omitted).
**22** **United States v. Brantley**, 777 F.2d 159, 162 (4th Cir. 1985).
**23** <u>See</u> J.A. at 93 ("If you decide that interstate commerce would potentially or probably be affected if the defendant had successfully completed his actions . . . .").

5

Similarly, we are unpersuaded by Boone's assertion that the district court erred in determining that it did not have discretion to sentence Boone to a life sentence for violation of 18 U.S.C.§ 924(c)(1) (1994) to run <u>concurrently</u> with other life sentences he received. Boone asserts that because the life sentence for violation of 18 U.S.C. § 924(c)(1) was imposed pursuant to the "three strikes" provision found in 18 U.S.C. § 3559, it is not subject to the former provision's prohibition against concurrent sentences.

However, as noted by the Government at sentencing, 18 U.S.C. § 3559 is a sentencing provision that is directly dependent on the "third strike" crime that requires its application. By its own terms, § 3559 must apply to a particular "serious violent felony," and here that felony is also covered by the "Penalties" described in § 924(c)(1). Thus, a life sentence under 18 U.S.C. § 3559 that is occasioned by a "third strike" in the form of a violation of 18 U.S.C. § 924 is clearly a sentence "imposed under this subsection [18 U.S.C. § 924(c)(1)]," which may not "run concurrently with any other term of imprisonment."[24] Therefore, we conclude that the district court properly determined that 18 U.S.C. § 924(c)(1) prohibits a concurrent sentence for the conviction in question, and we decline to disturb Boone's sentence on this ground.

Based on the foregoing, we affirm Boone's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[24] 18 U.S.C. § 924(c)(1) (1994).

6