**UNITED STATES of America**

v.

**Wayne E. JACKSON.**

**No. CR. S 98–0034.**

United States District Court,
D. Maryland.

Aug. 27, 1998.

Thomas M. DiBiagio, Office of the U.S. Atty., Baltimore, MD, for U.S.

James P. Ulwick, Kramon and Graham, Baltimore, MD, for Daniel L. Spence aka Daniel Johnson, defendant.

James Wyda, Office of the Federal Public Defender, Baltimore, MD, for Wayne E. Jackson, defendant.

*MEMORANDUM AND ORDER*

SMALKIN, District Judge.

The defendant in this case entered the home of a bank manager, terrorized the bank manager and his wife in an attempt to have the bank manager facilitate a planned robbery of his bank branch, and, in the end, bound the manager and his wife, set fire (with an accomplice) to their house, and fled in their car with their credit and debit cards. A jury convicted him of a number of federal felonies arising from this episode. Now, on the eve of being sentenced to a mandatory life sentence as a three-time offender under the federal "Three Strikes" statute, 18 U.S.C. § 3559(c), the defendant mounts a multi-pronged constitutional attack on this statute, in the form of a motion to dismiss the Government's notice of enhancement. Because the attack is facially unpersuasive, it will be denied, for reasons that follow.

First, the defendant claims that the statute violates substantive due process, as it is neither narrowly tailored to serve a compelling government interest nor is it rationally related to the legitimate interest of the Government in sweeping the streets of "our country's most dangerous violent offenders...."

The nub of the defendant's substantive due process claim is, in this Court's opinion, foreclosed by the decision in *Chapman v. United States,* 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991), eschewing any stricter basis of review than the rational basis test in such cases. Application of the rational basis test of *Chapman,* which this Court will follow, to this case results in a clear validation of the statute. There is certainly a rational basis for any legislature to conclude that someone with a record of three serious violent felonies and/or drug offenses,

as defined in 18 U.S.C. § 3559(c)(2), should be incapacitated from creating further crimes by being imprisoned for life. End of discussion.

■ There is, likewise, no violation of substantive due process by the statute's allowing convictions to qualify as predicate offenses without a limitation on their age. The Court does not feel that, either in general or as applied to this case (where one of the prior serious violent felonies was committed when the defendant was 15), violates the applicable standard of substantive due process, *i.e.*, the "shock the conscience" test. *See, e.g, Temkin v. Frederick County*, 945 F.2d 716, 714–20 (4th Cir.1991).

■ The statute does not violate substantive due process by precluding the sentencing court from exercising its discretion to decide whether the defendant actually deserves a life sentence. Whether analyzed under the Fifth Amendment or the Eighth Amendment, it is clear that Congress has the power "to define criminal punishments without giving the courts any sentencing discretion." *Chapman v. United States*, 500 U.S. at 467, 111 S.Ct. 1919. *See also United States v. Washington*, 109 F.3d 335 (7th Cir.), *cert. denied*, — U.S. —, 118 S.Ct. 134, 139 L.Ed.2d 82 (1997), and *United States v. Farmer*, 73 F.3d 836 (8th Cir.1996).

■ The defendant next contends that the statute violates the substantive due process clause by defining the class of predicate crimes too broadly. Again, the Court is of the opinion that the definitions of the qualifying predicate offenses found in subsection (c)(2) of the statute are not overly broad, but, rather, are crafted with particular care; they do not shock the judicial conscience. Thus, there is no substantive due process violation. *Temkin, supra.*

■ With regard to the claim of violation of procedural due process, the Court notes that there is no right under the Constitution collaterally to attack prior convictions at the time of sentencing under a sentencing enhancement statute. *Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994). The statute in question here provides an adequate vehicle for attacking the life sentence should a prior conviction be invalidated after the life sentence is imposed. 18 U.S.C. § 3559(c)(7). This is sufficient under *Custis* and the Constitution.

■ Next, the defendant claims that the statute violates the "separation of powers" doctrine. This Court follows *Washington* and *Farmer*, both *supra*, in holding that there is absolutely no constitutional impediment—including separation of powers—to Congressional preclusion of individualized sentencing determinations under mandatory sentencing statutes such as 18 U.S.C. § 3559(c). Were this a court of jurisprudence rather than of law, the Court might perhaps be free to hold that Congress has overreached in passing such a statute. But, keeping in mind the Court's limited role in constitutional adjudication, settled since the decision in *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803), the Court is not free to invalidate acts of Congress, absent the statute's violation of a specific constitutional prohibition.

■ Finally, the defendant claims that the statute constitutes a bill of attainder, which it does not. A bill of attainder is an act of legislative outlawry that imposes disabilities on an individual on account of his misconduct, but without a trial. *See* generally, *Nixon v. Administrator*, 433 U.S. 425, 468, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977). Here, the defendant has not only had a trial in this case, but had or was offered, a trial in every one of his predicate cases. His imprisonment results directly from the outcomes of all those judicial proceedings, not from an act of outlawry. Thus, there is no violation of the "bill of attainder" clause.

For the reasons stated, the defendant's motion to dismiss enhancement notice at sentencing is *denied.*

SO ORDERED.