Vaughn WASHINGTON, Petitioner–
Appellant,

v.

Roger D. COWAN, Respondent–
Appellee.

No. 00–3918.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 12, 2001 *.

Decided Oct. 18, 2001.

Before COFFEY, KANNE and DIANE
P. WOOD, Circuit Judges.

## ORDER

Vaughn Washington was convicted of
murder in an Illinois state court and was
sentenced as a habitual offender to life
imprisonment. After exhausting his state

---

\* After an examination of the briefs and the
record, we have concluded that oral argu-
ment is unnecessary. Thus, the appeal is
submitted on the briefs and the record. Fed.
R.App. P. 34(a)(2).

remedies, Washington filed a petition for a writ of habeas corpus. The district court denied relief but granted a certificate of appealability (CA) on three of Washington's claims relating to the constitutionality of Illinois's habitual offender sentencing provision. We agree with the district court that Washington failed to demonstrate that the state court's adjudication of these claims was contrary to, or an unreasonable application of, clearly established Supreme Court precedent, and therefore affirm.[1]

■ Relying on *Oyler v. Boles,* 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962), Washington first maintains that his due process rights were violated because the prosecution did not notify him until the day of his sentencing hearing that he could be sentenced as a habitual offender. In *Oyler,* the Supreme Court held that, although due process does not require advance notice that a trial on the substantive offense will be followed by a recidivist proceeding, a defendant still must receive reasonable notice and an opportunity to respond to a recidivist charge. *Id.* at 452, 82 S.Ct. 501; *Denton v. Duckworth,* 873 F.2d 144, 149 (7th Cir.1989).

Like Washington, the defendants in *Oyler* were not notified until their sentencing hearings that they could be sentenced as habitual offenders. The Supreme Court ultimately concluded, however, that no due process violation occurred. According to the Court, the defendants were in no position to argue that they were not given a fair opportunity to respond to the recidivist charges because at the sentencing hearings they did not defend against those charges and did not object or seek a continuance based on the absence of adequate notice. *Oyler,* 368 U.S. at 453–54, 82 S.Ct. 501. Like the defendants in *Oyler,* Washington did not dispute at sentencing (nor does he do so on appeal) that he was eligible to be sentenced as a habitual offender based on his prior convictions and did not object or seek a continuance based on the absence of adequate notice. As in *Oyler,* Washington cannot now complain that he was denied due process.

■ Washington next contends that the habitual offender sentencing provision violates separation of powers principles because it gives the prosecutor unbridled discretion to determine whether a particular defendant will be charged as a habitual offender. This argument is also foreclosed by *Oyler,* which holds that such discretion is not unconstitutional. *Id.* at 456, 82 S.Ct. 501 (prosecutors' "conscious exercise of some selectivity in enforcement is not in

---

1. Washington has briefed several issues beyond the scope of the CA granted by the district court. The state asks that we refuse to consider whether to expand the CA to include these additional issues. But we have repeatedly rejected similar requests by the state. *See Rittenhouse v. Battles,* 263 F.3d 689, 691 (7th Cir. 2001); *Ouska v. Cahill–Masching,* 246 F.3d 1036, 1045–46 (7th Cir. 2001); *Porter v. Gramley,* 112 F.3d 1308, 1312 (7th Cir.1997). We recently made clear in *Ouska* that "we shall continue to consider requests to amend a certificate of appealability even when they are presented in a petitioner's briefs to this court." *Ouska,* 246 F.3d at

1046. Nevertheless, we reiterate that the state is not obligated to brief issues beyond the scope of the CA. *See Schaff v. Snyder,* 190 F.3d 513, 528 n. 16 (7th Cir.1999); *Sylvester v. Hanks,* 140 F.3d 713, 715 (7th Cir.1998). We construe the inclusion of these claims in Washington's brief as a request to expand the CA. But after reviewing the district court's final order and the record on appeal, we conclude that Washington has not made a substantial showing of the denial of a constitutional right with respect to any of his additional claims. *See* 28 U.S.C. § 2253(c)(2). We therefore deny Washington's implicit request to expand the CA.

itself a federal constitutional violation"); *see United States v. LaBonte,* 520 U.S. 751, 761–62, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997); *United States v. Washington,* 109 F.3d 335, 338 (7th Cir.1997) (three-strikes provision of 18 U.S.C. § 3559(c) did not violate separation of powers principles by giving prosecutor "too much power"); *United States v. Wicks,* 132 F.3d 383, 389–90 (7th Cir.1997) (same).

 Lastly, Washington maintains that the habitual offender sentencing provision is unconstitutional because it precludes a court from taking mitigating factors into account in sentencing a defendant. But the length of a sentence is "purely a matter of legislative prerogative," *Rummel v. Estelle,* 445 U.S. 263, 274, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), and it is not unconstitutional for a legislature to define criminal punishments without giving the courts any sentencing discretion, *Chapman v. United States,* 500 U.S. 453, 467, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991); *Washington,* 109 F.3d at 338; *United States v. Lewis,* 896 F.2d 246, 249 (7th Cir.1990).

AFFIRMED.