**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Deago L. CHESHIER, Defendant–**
**Appellant.**

No. 01–3321.

United States Court of Appeals,
Seventh Circuit.

Argued April 1, 2002.

Decided April 4, 2002.

Before EASTERBROOK, DIANE P. WOOD, and EVANS, Circuit Judges.

### Order

A jury convicted Deago Cheshier of robbing six banks. 18 U.S.C. § 2113. Two of the six convictions were for simple robbery and four for armed robbery; each of the four armed robberies has a corresponding conviction for using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1). Because the initial conviction under § 924(c)(1) calls for a consecutive 60–month term, and each additional conviction 300 months extra, Cheshier's total sentence is 1081 months (960 months for using firearms, on top of 121 months for the robberies). This 90–year term is for practical purposes a sentence of life imprisonment without possibility of release, because even with all available good-time credits the sentence substantially exceeds Cheshier's life expectancy.

■ Cheshier contends that his conviction on one count of bank robbery is spoiled by the fact that when a teller identified him in court as the robber, he was one of only four black males in the courtroom—and two of the other three were law-enforcement agents and thus not likely to be identified as the culprit. Yet this does not give reason to believe that the teller would make a false identification. District judges need not conduct in-court lineups. The circumstance of the identification were obvious to the jury, and counsel was free to argue that the teller may have identified Cheshier because he was seated at the defense table rather than because the teller remembered his face.

■ Attempting to upset all four convictions under § 924(c)(1), Cheshier argues that the evidence did not demonstrate that he possessed a working firearm during each robbery. Maybe the thing he displayed to the tellers was a fake, or if a real gun maybe the barrel had been plugged. Such arguments are better directed to juries than to appellate courts. Cheshier confessed that he used real weapons on occasion (though he claimed inability to remember whether he had done so during these four robberies); the tellers testified that the hardware Cheshier displayed looked real; and Cheshier told the tellers during the robberies, orally or by note, that the guns *were* real. Threats to shoot and kill imply that the gun works. Counsel says that Cheshier may have been bluffing. Maybe so, but it is impossible to see how the evidence could be insufficient as a matter of law. A bank robber who informs the teller that he has a gun, shows something that looks like a gun, and threatens to do something that is possible only if the item *is* a working firearm, has no beef if the jury concludes that the thing displayed and talked about *was* a gun. See *United States v. Moore*, 25 F.3d 563 (7th Cir.1994); *United States v. Zolicoffer*, 92 F.3d 512(7th Cir.1996).

■ Next Cheshier contends that he should not have received multiple 25-year

consecutive sentences because the reference in § 924(c)(1) to a "second or subsequent conviction" applies only when a firearm is *used* after a prior conviction, rather than to any sequence of multiple convictions. That argument was considered and rejected in Deal v. United States, 508 U.S. 129 (1993). Cheshier is free to ask the Supreme Court to revisit that decision; it is conclusive on district and appellate judges.

■ This sets up Cheshier's argument that the multiple, consecutive 25-year terms violate the cruel and unusual punishments clause of the eighth amendment. This argument, too, has been made and rejected before. *United States v. Arrington*, 159 F.3d 1069(7th Cir.1998). The Supreme Court's cases give some room for argument that lengthy terms are invalid if the most recent offense-the one that triggers a severe recidivist penalty-is a nonviolent crime that otherwise would draw only modest punishment. Compare *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), and *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). See *Andeade v. Attorney General of California*, 270 F.3d 743 (9th Cir. 2001), cert. granted under the name *Lockyer v. Andrade*, —— U.S. ——, 122 S.Ct. 1434, 152 L.Ed.2d 379 (2002). But armed bank robbery is a serious offense leading many to fear for their lives, and some to lose their lives.

Nor does § 924(c)(1) create the sort of cliff that a three-strikes law devises. It does not dish out modest punishment for two offenses, followed by a Draconian punishment for a simple theft (the third strike). We have sustained the federal three-strikes law, 18 USC § 3559(c)(1), which imposes life imprisonment for a third violent felony. See *United States v. Washington*, 109 F.3d 335 (7th Cir. 1997). Section 924(c)(1) is easier to sustain be-cause it lacks a cliff. It prescribes 5 years for the first offense and 25 for every subsequent conviction. Each incremental term responds directly to a new firearms offense. Cheshier essentially argues that, after two or three armed bank robberies, he is constitutionally free of any further threat of punishment, because three armed bank robberies produce (effective) life imprisonment; at this point no more punishment may be assessed no matter how many violent felonies follow. That is not the message of the eighth amendment. Congress may impose additional punishment for additional offenses. Life in prison for six bank robberies (at least four of them armed, and carried out with express threats of death) cannot be deemed excessive by any stretch of the imagination. See *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (life imprisonment for one drug offense is constitutional).

AFFIRMED