11-2722-cr
*United States v. Deida*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2011

(Argued: May 29, 2012     Decided:   June 20, 2012)

Docket No. 11-2722-cr

---

UNITED STATES OF AMERICA,

*Appellee*,

v.

DOMINGO GONZALEZ, JR.,

*Defendant,*

FRANCISCO DEIDA,

*Defendant-Appellant.*

---

Before:
     WINTER, MCLAUGHLIN, and CHIN, *Circuit Judges*.

     Appeal from a judgment of conviction and sentence of the United States District Court for the District of Connecticut (Underhill, *J.*).

     AFFIRMED.

> ANTHONY EDWARD KAPLAN, Assistant United States Attorney (Sarah P. Karwan, Sandra S. Glover, Assistant United States Attorneys, *on the brief*), *for* David B. Fein, United States Attorney, District of Connecticut, New Haven, Connecticut, *for Appellee*.
>
> DAVID VINCENT DEROSA, Law Offices of David V. DeRosa, Naugatuck, Connecticut; Donald Cretella, Zingaro & Cretella, LLC, Bridgeport, Connecticut, *for Defendant-Appellant*.

PER CURIAM:

Defendant-appellant Francisco Deida, convicted after a jury trial of two counts of bank robbery in violation of 18 U.S.C. § 2113(a) and sentenced to life imprisonment, appeals from a judgment of conviction and sentence entered by the United States District Court for the District of Connecticut (Underhill, *J.*) on July 6, 2011. We hold that the district court did not err in sentencing Deida to a mandatory term of life imprisonment pursuant to 18 U.S.C. § 3559(c). Accordingly, we affirm.

## BACKGROUND

Deida's conviction stems from two armed bank robberies in Connecticut on January 28, 2009, and April 6, 2009. Deida committed both robberies with co-defendant Domingo Gonzalez, who entered the banks with Deida, and co-defendant Henry Crespo, who served as the getaway driver both times. During the first robbery, Deida and Gonzalez entered the Webster Bank in Milford wearing heavy clothing and masks, carrying umbrellas that partially blocked the bank's video surveillance, and wielding guns. The defendants fled in a car driven by Crespo with approximately $84,000.

The second robbery was of a TD Bank in Woodbridge, Connecticut. Deida and Gonzalez again wore heavy clothing and masks and carried umbrellas and guns. Deida also wore a

-2-

fake mustache and prosthetic nose. A postal worker who had been delivering mail to the bank observed the crime in progress, left the bank, and called 911 from his postal truck. The defendants left the bank with approximately $23,000 and fled in Gonzalez's Cadillac, driven by Crespo. A high speed police chase ensued. Crespo drove the getaway car to New Haven, where Deida and Gonzalez jumped out of the car and fled on foot. Crespo abandoned the car a few blocks away and was apprehended by police later that day.

Before trial, the government filed an information pursuant to 18 U.S.C. § 3559(c) and 21 U.S.C. § 851 notifying Deida of its intention to seek a sentence of mandatory life imprisonment. The information asserted three prior felony convictions: robbery in the first degree, assault in the first degree, and manslaughter in the first degree, all in violation of Connecticut law.

At trial, the government presented evidence found in the vicinity of the abandoned getaway car that connected the three defendants to the two bank robberies. The evidence included Gonzalez's cell phone, and records for the phone showed that Gonzalez called a telephone number around the times of both robberies that matched a telephone number listed as Deida's contact number in a job application found in his possession at the time of his arrest. On March 4, 2010, the jury found Deida guilty of both robberies.

-3-

At sentencing on June 21, 2011, the government presented evidence of Deida's three prior convictions. The government argued that the convictions were "serious violent felonies" under the three strikes provision of 18 U.S.C. § 3559(c), thereby subjecting him to a mandatory sentence of life imprisonment. The district court agreed and found that "each of the three crimes set forth in the information ha[s] been proven to have been committed by the defendant here, Francisco Deida," and that the crimes were serious violent felonies under § 3559(c). The district court sentenced Deida to a term of life imprisonment on each of the two counts.

This appeal followed.

### *DISCUSSION*

Title VII of the Violent Crime Control and Law Enforcement Act of 1994 (the "Act"), Pub. L. No. 103–322, 108 Stat. 1796 (1994), created a mandatory sentencing scheme for federal defendants convicted of repeat violent felonies. Under Section 7001, known as the "three strikes" provision, any individual convicted of three violent felonies faces a mandatory sentence of life imprisonment. 108 Stat. 1982–1085 (codified as amended at 18 U.S.C. § 3559(c) (mandating life imprisonment for defendants convicted of "serious violent felon[ies]" if they have previously been convicted

-4-

of two more serious violent felonies)); see 18 U.S.C. § 3559(c)(2)(F) (defining "serious violent felony").

On appeal, Deida makes two arguments: (1) the three strikes provision of § 3559 violates the principle of separation of powers and (2) prior convictions subjecting a defendant to a statutory sentencing enhancement must be found by a jury and not a judge. Both questions raise issues of law, which we generally review *de novo*, but because Deida did not raise the issues below, the district court's failure to rule as Deida now urges is reviewed for plain error. *See, e.g.*, *United States v. Reyes*, 557 F.3d 84, 87 (2d Cir. 2009).

First, Deida's argument that the three strikes statutory scheme violates the principle of separation of powers is without merit. Although this Court has not yet considered the question, all four Courts of Appeals that have addressed the issue have upheld the statute. *See, e.g.*, *United States v. Gurule*, 461 F.3d 1238, 1246–47 (10th Cir. 2006); *United States v. Kaluna*, 192 F.3d 1188, 1199 (9th Cir. 1999); *United States v. Rasco*, 123 F.3d 222, 226–27 (5th Cir. 1997); *United States v. Washington*, 109 F.3d 335, 338 (7th Cir. 1997). We agree and hold that the three strikes provision of § 3559(c)(1) is constitutional and does not violate the doctrine of separation of powers.

Deida argues that the statute gives the executive branch, via the United States Attorney, the authority to determine a defendant's sentence when the judiciary should have full control over sentencing. The Constitution, however, does not require all governmental duties to be the exclusive realm of one branch. *See Mistretta v. United States*, 488 U.S. 361, 380 (1989) ("[T]he Framers did not require -- and indeed rejected -- the notion that the three Branches must be entirely separate and distinct."). While the three branches of government must remain "entirely free from the control of coercive influence, direct or indirect, of either of the others," *id.* at 380 (citation and internal quotation marks omitted), "a degree of overlapping responsibility [and] a duty of interdependence" is both expected and necessary, *id.* at 381. Specifically, the Supreme Court has acknowledged the need for, and constitutionality of, coordination among the branches for matters of federal sentencing. *See Mistretta*, 488 U.S. at 365, 380-412 (upholding Congress's creation of the Sentencing Commission); *see also Chapman v. United States*, 500 U.S. 453, 467 (1991) ("Congress has the power to define criminal punishments without giving the courts any sentencing discretion."). This Court, too, has consistently recognized that the judiciary does not possess exclusive

control over sentencing matters.  *See United States v. Sanchez*, 517 F.3d 651, 670-71 (2d Cir. 2008) ("Although [21 U.S.C. § 851] gives prosecutors some degree of control over a defendant's ultimate sentence, it does not violate the principle of separation of powers."); *see also United States v. Acoff*, 634 F.3d 200, 201-02 (2d Cir. 2011) ("'[T]he scope of judicial discretion with respect to a sentence is subject to congressional control.'" (quoting *Mistretta*, 488 U.S. at 364)).  Moreover, prosecutors are permitted discretion as to which crimes to charge and which sentences to seek.  *See United States v. Jennings*, 652 F.3d 290, 301 (2d Cir. 2011).  The authority that § 3559 delegates to prosecutors, therefore, does not unconstitutionally delegate the judiciary's power to the executive branch.  *See Washington*, 109 F.3d at 338 ("The prosecutor's power to pursue an enhancement under § 3559(c)(1) is no more problematic than the power to choose between offenses with different maximum sentences.").

We conclude that § 3559 poses no danger of "coercive influence" by the executive branch over the judiciary or of "aggrandizement or encroachment."  *See Mistretta*, 488 U.S. at 380-82.  Deida's separation of powers argument therefore fails.

Second, Deida's argument that prior convictions subjecting a defendant to life imprisonment under § 3559 must be found by a jury in a bifurcated jury trial is also without merit. In *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the Supreme Court held that while elements of a crime in general must be proven beyond a reasonable doubt, prior convictions leading to a recidivism-based statutory sentencing enhancement are not "elements" of an offense and are to be found by a judge rather than a jury. *Id.* at 239–247; *see also Apprendi v. New Jersey*, 530 U.S. 466, 498–90 (2000) (preserving *Almendarez-Torres* exception). Deida argues that *Almendarez-Torres* is no longer good law, but he is simply incorrect. Although it is true that *Almendarez-Torres* has been criticized, *see, e.g., Shepard v. United States*, 544 U.S. 13, 26–28 (2005) (Thomas, J., concurring in part and concurring in the judgment); *Apprendi*, 530 U.S. at 489 and n.15 ("[I]t is arguable that *Almendarez-Torres* was incorrectly decided . . . ."), the decision has not been overturned, as this Court recognized in *United States v. Snype*, 441 F.3d 119, 147–52 (2d Cir. 2006) (rejecting Sixth Amendment and due process challenges to § 3559(c)(3)(A)). Deida's second argument fails as well.

***CONCLUSION***

We have considered all of Deida's remaining arguments on appeal[1] and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

---

[1]    Deida argues that the district court erred in admitting into evidence the job application found on his person at the time of his arrest because it was hearsay.  Because he did not make this argument below, the argument was not preserved and we review the district court's ruling only for plain error.  The district court did not err at all, much less plainly err.