13-1818-cr
*United States v. Reed*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25ᵗʰ day of August, two thousand fourteen.

PRESENT:

JOSÉ A. CABRANES,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
  *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

  *Appellee,*

   -v.-             No. 13-1818-cr

CHARLES REED, AKA LITTLE CHARLIE,

  *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**  MARIANNE S. RANTALA, Marianne S. Rantala, P.C., Commack, NY.

**FOR APPELLEE:**  CHARLES N. ROSE (Emily Berger, *on the brief*), Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the April 26, 2013, judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant Charles Reed timely appeals his conviction and subsequent sentence on one count of conspiracy to distribute cocaine base and cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(iii), and (b)(1)(B)(ii)(II), and seven counts of possession with intent to distribute cocaine base, in violation of varying provisions of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), and (b)(1)(C).

Reed challenges his conviction and sentence on numerous grounds. Specifically, he argues that the District Court erred in admitting several categories of evidence and in imposing the statutory minimum sentence of 20 years' imprisonment. For the reasons stated below, Reed's arguments are without merit. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss only as necessary to explain our decision to affirm.

### A. Evidentiary Rulings and Reference to "Jail Calls"

"We review a district court's evidentiary rulings with deference, 'mindful of its superior position to assess relevancy and to weigh the probative value of evidence against its potential for unfair prejudice.'" *United States v. Robinson*, 702 F.3d 22, 36 (2d Cir. 2012) (quoting *United States v. Abu-Jihaad*, 630 F.3d 102, 131 (2d Cir. 2010)). Thus, our review is for abuse of discretion, and we will reverse only in instances of "manifest error." *United States v. Miller*, 626 F.3d 682, 687–88 (2d Cir. 2010) (internal quotation marks omitted).

Reed contends that the District Court erred by admitting (1) evidence of the charged conspiracy that predated the timeframe alleged in the superseding indictment; (2) recordings of Reed's telephone conversations from jail; and (3) a transcript of Reed's 2008 guilty plea to New York State cocaine trafficking charges.

We have conducted a review of the record and cannot conclude that the District Court erred. The plea transcript and the testimony relating to the time period before the charged conspiracy were admissible because, as the District Court properly concluded, it "arose out of the same transaction or series of transactions as the charged offense, . . . is inextricably intertwined with the evidence regarding the charged offense, or . . . is necessary to complete the story of the crime on trial." *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000) (internal quotation marks omitted). The recorded telephone conversations were admissible as a statement of a party opponent under Federal Rule of Evidence 801(d)(2)(A). The District Court properly concluded that the challenged evidence was not unduly prejudicial and gave the jury appropriate limiting instructions where necessary.

Reed additionally argues that he was prejudiced by the prosecutor's characterization of the recorded calls during summation as "jail calls." The Government conceded in its brief and again at oral argument that the comment was a mistake, and in fact, the District Court sought to minimize potential prejudice by ensuring that the jury would not infer that Reed made the calls from jail. *See* App'x 72. Even assuming that the use of the phrase "jail calls" was improper, however, "[i]nappropriate prosecutorial comments, standing alone, would not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding." *United States v. Young*, 470 U.S. 1, 11 (1985). Here, we cannot conclude that this stray remark "so infect[ed] the trial with unfairness as to make the resulting conviction a denial of due process," *United States v. Thomas*, 377 F.3d 232, 244 (2d Cir. 2004) (internal quotation marks omitted), such that reversal of Reed's conviction is required.

## B. Sentence

Finally, Reed challenges his sentence of 240 months' imprisonment as contrary to Department of Justice policy, and as cruel and unusual punishment.

The Government filed a prior felony information pursuant to 21 U.S.C. § 851(a). Accordingly, Reed was subject to a mandatory minimum sentence of 240 months' imprisonment. Reed argues that the Government should not have filed a prior felony information, because he does not meet the factors listed in a recent memorandum by Attorney General Eric H. Holder, Jr. In that memorandum (the "Holder Memo"), the Department of Justice announced a policy that "[p]rosecutors should decline to file an information pursuant to 21 U.S.C. § 851 unless the defendant is involved in conduct that makes the case appropriate for severe sanctions." App'x 146. The memorandum then lists particular factors prosecutors should consider in making this assessment.

Reed contends that he "is not the offender that 21 U.S.C. § 851 was meant to target, according to Mr. Holder's memorandum; thus, [he] does not qualify for the sentence enhancement." Appellant's Br. 23. There are a host of problems with this argument (including that the Holder Memo was issued *after* Reed was sentenced). But most glaringly, the Holder Memo is simply a policy statement and does not provide a legal basis on which a defendant can challenge a statutory mandatory minimum sentence. The memorandum clearly states that "[t]he policy set forth herein is not intended to create or confer any rights, privileges, or benefits in any matter, case, or proceeding." App'x 145 n.2. Rather, here, as in all cases, "prosecutors are permitted discretion as to which crimes to charge and which sentences to seek." *United States v. Gonzalez*, 682 F.3d 201, 204 (2d Cir. 2012). The Attorney General's exercise of that discretion through policy statements and guidance does not legally bind prosecutors or, more importantly, the courts. *Cf. United States v. Canori*, 737 F.3d 181, 183–84 (2d Cir. 2013) (holding that Department of Justice memorandum that provided guidance to United States Attorneys regarding prosecution of medical use of marijuana was exercise of prosecutorial discretion and did not purport to give defendants enforceable rights).

Upon review, we also find no merit to Reed's claim that his sentence violates the Eighth Amendment's clause prohibiting cruel and unusual punishment. *See generally Graham v. Florida*, 560 U.S. 48, 87 (2010) (prohibiting "extreme sentences that are grossly disproportionate to the crime" (internal quotation marks omitted)).

## CONCLUSION

We have reviewed the record and considered all of Reed's arguments on appeal and find them to be without merit. For the reasons set out above, we **AFFIRM** the judgment of the District Court, entered April 26, 2013.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court