**UNITED STATES of America,**
**Appellee,**

**v.**

**Raul MAISONET, Appellant.**

**No. 73–1422.**

United States Court of Appeals,
Fourth Circuit.

Argued July 16, 1973.

Decided Oct. 5, 1973.

Daniel C. Kaufman, Springfield, Va., (court-appointed) for appellant.

Paul A. Scott, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., E. D. Va., on brief) for appellee.

Before CRAVEN, BUTZNER, and RUSSELL, Circuit Judges.

BUTZNER, Circuit Judge:

Raul Maisonet was convicted of violating 18 U.S.C. § 876 (1970), which prohibits mailing a letter "containing . . . any threat to injure the person of the addressee." Maisonet's principal assignment of error is the denial of his motion for a judgment of acquittal. We affirm because we believe the evidence raised an issue of fact for the determination of the jury.

Maisonet had been sentenced in the Superior Court for the District of Columbia to an indeterminate term of up to ten years for carrying a dangerous weapon after having been convicted of a felony. While he was imprisoned at Lorton, Virginia, he sent a letter to the sentencing judge, which, after charging that his sentence was illegal and that the judge was prejudiced against Puerto Ricans, said "I may have to do all my ten (10) years, but if I ever get out of here and nothing happen to me while I am in here, you will never be able to be prejudice and racist against another Puerto Rican like me." The letter was addressed to the judge at his home. The government charges that the quoted language constituted a threat to injure him. Maisonet testified that he did not mean the letter to threaten physical harm to the judge, rather he intended to seek the judge's removal from office. To corroborate his testimony, he showed that he had complained to congressmen and civic organizations about the judge. However, he was unable to show in these communications any specific request for an investigation of the judge or for his removal. He testified he sent the letter to the judge's home so that it would receive the judge's personal attention.

Maisonet concedes that the government presented a prima facie case with respect to the dispatch of the letter. He contends, however, that a judgment of acquittal should have been granted because the government failed to introduce extrinsic evidence to show that he intended a threat to injure the judge. Absent such evidence, he argues, a complaint about official conduct that is susceptible of a meaning other than a threat to injure the official is insufficient to sustain a verdict of guilty. In support of his position, he relies on United States v. Barcley, 452 F.2d 930 (8th Cir. 1971). Barcley was convicted of mailing a letter to his court-appointed attorney, in which, after profanely criti-

cizing the attorney, he said, "As soon as I can get this case situated around in the position I want, you are the first s. o. b. that will go; [the prosecutor] will be the next." Recognizing that the letter fell within the purview of the first amendment, the court directed the entry of a judgment of acquittal. It found the letter to be equally susceptible to two meanings—one threatening, and the other non-threatening. Because the government failed to introduce proof of extraneous circumstances to remove this ambiguity, it ruled that the evidence was insufficient to sustain the verdict.

We are not persuaded by Maisonet's argument. *Barcley* was decided by a divided court. The dissenting opinion is in harmony with Bell v. United States, 185 F.2d 302, 310 (4th Cir. 1950), which sets forth our circuit's rule governing motions for judgments of acquittal:

> "When a motion for a directed verdict of acquittal is made in a criminal case, the sole duty of the trial judge is to determine whether there is substantial evidence which, taken in the light most favorable to the United States, tends to show that the defendant is guilty beyond a reasonable doubt. The possibility that a jury may have a reasonable doubt upon the evidence as to the guilt of the defendant is not the criterion which determines the action of the trial judge. The decision on that question is for the jury to make and the rule is the same whether the evidence is direct or circumstantial."

Even when the defense is based on a claim of first amendment rights, the rule stated in *Bell* contains the proper standard for determining whether a case should be submitted to the jury. Whether a letter that is susceptible of more than one meaning—one of which is a threat of physical injury—constitutes a threat must be determined in the light of the context in which it was written. *See* United States

v. Prochaska, 222 F.2d 1, 2 (7th Cir.), cert. denied, 350 U.S. 836, 76 S.Ct. 73, 100 L.Ed. 746 (1955). *Cf.* Watts v. United States, 394 U.S. 705, 708, 89 S. Ct. 1399, 22 L.Ed.2d 664 (1969). If there is substantial evidence that tends to show beyond a reasonable doubt that an ordinary, reasonable recipient who is familiar with the context of the letter would interpret it as a threat of injury, the court should submit the case to the jury. Maisonet's letter itself and the following facts establish that the government's proof was sufficient to enable the jury to find beyond a reasonable doubt that the letter constituted a threat and Maisonet intended it as such: Maisonet had been sentenced to prison by the judge to whom he addressed the letter; he considered the sentence to be illegal; he charged that the judge was motivated by prejudice and racism; he addressed the letter to the judge's home; and he said nothing in the letter about having the judge investigated or about seeking his removal.

Nor did Maisonet's defense that he was exercising first amendment rights require a judgment of acquittal at the conclusion of all the evidence. His claim lacks evidentiary support. Although he proved that he wrote congressmen and civic organizations, he was unable to show that he demanded either an investigation or the removal of the judge. Moreover, his reliance on Watts v. United States, 394 U.S. 705, 89 S.Ct. 1399, 22 L.Ed.2d 664 (1969), is misplaced because the cases are factually distinguishable. *Watts* reversed a conviction for threatening the President in violation of 18 U.S.C. § 871. The evidence disclosed that a young man said to a small group of people, who were among the crowd at a public rally at the Washington Monument, that he was not going to report for his draft physical examination. He asserted, "If they ever make me carry a rifle, the first man I want to get in my sights is [the President]." The Court held that taking the statement in con-

text, it could be interpreted as nothing other than political hyperbole. In contrast, the context in which Maisonet privately wrote the judge does not compel the conclusion that his letter must be interpreted only as a crude, extravagant boast that he would have the judge removed.

■■ What we have written should not be interpreted as a suggestion that Maisonet's first amendment claim was not a cognizable defense. We hold only that the evidence presented issues of fact for the jury. *Watts* teaches that "a statute . . . which makes criminal a form of pure speech, must be interpreted with the commands of the First Amendment clearly in mind. What is a threat must be distinguished from what is constitutionally protected speech." 394 U.S. at 707, 89 S.Ct. at 1401. The district judge was faithful to this precept. He charged the jury that the government was required to prove beyond a reasonable doubt that the letter contained a threat to injure the judge and that Maisonet intended it to be such a threat. He instructed that every person has the right to communicate with any public official calling attention to improper or unlawful conduct on the official's part and that the language used may be "vehement, caustic, unpleasantly sharp, vituperative, abusive, or inexact" without violating the law. He cautioned that every person has the right to seek by proper means the removal of any public official, and finally, he told the jury that a threat to seek an official's removal, regardless of whether the person has reasonable grounds to believe that the official acted improperly, is not a violation of the law. We find no reversible error in Maisonet's complaints about the charge. Taken as a whole, it properly instructed the jury and adequately presented Maisonet's defense.

The judgment is affirmed.