**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4092

THOMAS FLOYD LITTLEJOHN, a/k/a
Thomas Floyd Green,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-95-115)

Submitted: December 16, 1997

Decided: January 15, 1998

Before MURNAGHAN, WILKINS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David Grant Belser, BELSER & PARKE, P.A., Asheville, North
Carolina, for Appellant. Mark T. Calloway, United States Attorney,
Deborah A. Ausburn, Assistant United States Attorney, Asheville,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Thomas Floyd Littlejohn was convicted for causing a written communication containing a threat to injure to be delivered by United States Postal Service in violation of 18 U.S.C.§ 876 (1994). He appeals both his conviction and sentence. For the reasons stated below, we affirm.

Littlejohn first contends that the district court erred by denying his motion for judgment of acquittal. We review a denial of a motion for judgment of acquittal under a sufficiency of the evidence standard. See United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992). To sustain a conviction, the evidence viewed in the light most favorable to the government must be sufficient for a rational jury to find the essential elements of the crime beyond a reasonable doubt. See United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993). To be convicted under section 876 a defendant must knowingly deposit a threatening communication in the mail. United States v. Maxton, 940 F.2d 103, 106 (4th Cir. 1991). Whether a letter actually contains a threat is a question for the jury. See United States v. Malik, 16 F.3d 45, 49 (2d Cir. 1994). "`If there is substantial evidence that tends to show beyond a reasonable doubt that an ordinary, reasonable recipient who is familiar with the context of the letter would interpret it as a threat of injury, the court should submit the case to the jury.'" Maxton, 940 F.2d at 106 (quoting United States v. Maisonet , 484 F.2d 1356, 1358 (4th Cir. 1973)). At trial the United States introduced as evidence the following letter that Littlejohn sent his attorney, Thomas Lindsay. The letter states in part:

> After not hearing from you in 11 months I've come to the conclusion that you've sold me out just like that other sorry ass lawyer that I went to trial with. I had a feeling after talking to you last August that you were going to purposely sell

2

me out, because you didn't argue more of the issues I asked you to.

And the only reason I didn't kick your red neck ass was because I was handcuffed remember. So consider yourself lucky for now. . . .

I could easily have you disbared [sic] boy. I know a lot of dirt on you believe it or not, and I got witnesses to prove it to [sic].

I don't have a life sentence so I will get out. You will probably die of some incurable disease before I'm released if your [sic] lucky and thats [sic] to [sic] good for you! When I'm released I'll find your kids or whoever survives you and make sure they know what you purposely did to me for racist reasons. You know what else I'll do ha ha.

Because a rational jury could find that an ordinary, reasonable recipient of such a letter would interpret it as a threat of injury, we find that the district court properly denied Littlejohn's motion for judgment of acquittal.

Littlejohn also alleges that the district court erred by excluding evidence that he was facing a thirty year sentence at the time he sent the above quoted letter. A district court's evidentiary rulings are entitled to substantial deference and will not be reversed absent a clear abuse of discretion. Sasaki v. Class, 92 F.3d 232, 241 (4th Cir. 1996). Because the length of Littlejohn's impending sentence is not relevant to whether he acted in violation of 18 U.S.C. § 876 by knowingly depositing a threatening communication in the mail, we find that the district court did not abuse its discretion by excluding such evidence. See United States v. Chatman, 584 F.2d 1358, 1361 (4th Cir. 1978) (section 876 does not require that defendant "intended or was able to carry out the threat").

Littlejohn next contends that the district court improperly limited his cross-examination of Lindsay concerning Lindsay's ethical obligations to communicate with Littlejohn and to return his legal files.

3

A district court's restrictions on cross-examination are reviewed for abuse of discretion. See United States v. Piche , 981 F.2d 706, 716 (4th Cir. 1992). The record reveals that the trial judge afforded Littlejohn ample opportunity to examine Lindsay about his ethical obligations to communicate with Littlejohn. Further, Lindsay's failure to return Littlejohn's legal files occurred after Littlejohn mailed the communication giving rise to his conviction. Accordingly, the failure to return such files is not relevant to any issue the jury had to decide and the district court properly restricted cross-examination on this subject.

This court considers de novo whether a district court has properly instructed a jury on the statutory elements of an offense. United States v. Rahman, 83 F.3d 89, 92 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3369 (U.S. Nov. 18, 1996) (No. 96-6343). However, "the decision of whether to give a jury instruction and the content of an instruction are reviewed for an abuse of discretion." United States v. Abbas, 74 F.3d 506, 513 (4th Cir. 1996). Furthermore, even where use or denial of a jury instruction is in error, reversal is warranted only when the error is prejudicial based on a review of the record as a whole. Ross v. Saint Augustine's College, 103 F.3d 338, 344 (4th Cir. 1996).

Littlejohn claims that the district court improperly refused to instruct the jury that the United States had to prove (1) that Littlejohn acted with knowledge that his actions were illegal and were not the result of accident or mistake, and (2) that Littlejohn intended at the time he mailed the letter to carry out the threatened harm. However, to sustain a conviction under 18 U.S.C. § 876, the United States need only prove that a defendant knowingly deposited a threatening letter in the mail and that he had the intent to threaten the recipient at the time of the mailing. See Maxton, 940 F.2d at 106. Because the jury charge clearly included those elements, the district court properly exercised its discretion in refusing to make Littlejohn's suggested additions.

The district court also properly exercised its discretion to reject Littlejohn's requested First Amendment instruction. A trial court need not give a specifically requested instruction so long as the instruction the court gives covers a theory the defense offers. United States v.

4

Smith, 44 F.3d 1259, 1270-71 (4th Cir. 1995). Littlejohn's position at trial was that his letter did not constitute a threat. The district court adequately instructed the jury that to find Littlejohn guilty of violating 18 U.S.C. § 876 it must find that the Government proved beyond a reasonable doubt that Littlejohn's letter contained a threat. Because this instruction adequately covered Littlejohn's defense theory, the district court acted within its discretion by declining to issue a First Amendment jury instruction. We find that the district court also properly refused to instruct the jury about Lindsay's ethical obligations as an attorney because these obligations were not relevant to the jury's determination of whether Littlejohn acted in violation of 18 U.S.C. § 876.

This court reviews a district court's decision to deny an acceptance of responsibility adjustment for clear error. See United States v. Holt, 79 F.3d 14, 17 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3260 (U.S. Oct. 7, 1996) (No. 95-9448). To receive a reduction under United States Sentencing Guidelines ("U.S.S.G.") § 3E1.1 for acceptance of responsibility a defendant must prove "by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." United States v. Nale, 101 F.3d 1000, 1005 (4th Cir. 1996). Although Littlejohn admitted sending the letter, he denied that he intended to threaten Lindsay. We find that Lindsay's refusal to admit that his letter constituted a threat provided adequate justification for the district court to deny him an adjustment for acceptance of responsibility. See United States v. Whitfield, 31 F.3d 747, 750 (8th Cir. 1994).

Littlejohn's final claim is that his violation of 18 U.S.C. § 876 should not have been classified as a crime of violence within the meaning of U.S.S.G. § 4B1.2(1). This court reviews de novo a district court's legal interpretation of the Guidelines. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). Under § 4B1.2(1), a crime of violence means "any offense . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(1). An essential element of 18 U.S.C. § 876 is that the defendant communicate a threat to injure the person of the addressee or of another. A defendant's capacity to follow through on a threat is not determinative of whether threatening conduct is a crime of violence. See United States v. Poff, 926 F.2d

5

588, 589-90 (7th Cir. 1991). Considering that threats themselves are a form of violence, see Rogers v. United States, 422 U.S. 35, 46-47 (1975) (Marshall, J., concurring), and that Littlejohn's ability or intention to follow through on his threat is not relevant to determining whether his criminal activity constituted a crime of violence, we find that district court properly classified Littlejohn's violation of 18 U.S.C. § 876 as a crime of violence. See also United States v. Weddle, 30 F.3d 532, 538 & n.1 (4th Cir. 1994) (section 876 is "crime of violence" under U.S.S.G. § 4B1.2(1) (dicta)).

Accordingly, we affirm Littlejohn's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6