UNITED STATES of America, Plaintiff-Appellee,

v.

Luis Armando ROSARIO-DELGADO, Defendant-Appellant.

No. 98-3212

Non-Argument Calendar.

United States Court of Appeals,

Eleventh Circuit.

Dec. 30, 1999.

Before COX, BLACK and MARCUS, Circuit Judges. (No. 97-CR-238-J-21C), Ralph W. Nimmons, Jr., Judge.

PER CURIAM:

Appellant Luis Armando Rosario-Delgado appeals his life sentence for armed bank robbery, in violation of 18 U.S.C. § 2113, and for using a firearm during that crime of violence, in violation of 18 U.S.C. § 924(c)(1). The district court imposed a mandatory life sentence based on the "three-strikes" law codified at 18 U.S.C. § 3559(c). Appellant argues that the district court applied § 3559(c) in violation of the Ex Post Facto Clause of the United States Constitution. Appellant also claims that § 3559(c) does not apply to him or, if it does, that the district court should have interpreted § 3559(c) as ambiguous and utilized the rule of lenity. We observe no error and affirm.

I. BACKGROUND

In May 1987, and again in May 1991, Appellant was convicted in the Superior Court of Carolina, Puerto Rico, of armed robbery in violation of the Puerto Rican Penal Code. Appellant escaped from custody on the 1991 conviction. On May 1, 1995, he committed an armed robbery of the First Union National Bank in Jacksonville, Florida. On September 18, 1997, a grand jury returned a two-count indictment against Appellant which charged him with armed bank robbery and with having used and carried a firearm in connection with the bank robbery. The Government filed an information to apply for a sentencing enhancement based on the "three strikes" law, 18 U.S.C. § 3559(c), which became effective on September

13, 1994.  A jury convicted Appellant on both counts on April 7, 1998.  The district court then sentenced Appellant to mandatory life imprisonment on count one.

## II. STANDARD OF REVIEW

Because Appellant failed to present any sentencing objections to the district court, this Court reviews for plain error.  *See United States v. Obasohan,* 73 F.3d 309, 310 (11th Cir.1996);  *United States v. Cosgrove,* 73 F.3d 297, 303 (11th Cir.1996).

## III. ANALYSIS

The Ex Post Facto Clause of Article I, section 9, bars laws that "retroactively alter the definition of crime or increase the punishment for criminal acts."  *California Dept. of Corrections v. Morales,* 514 U.S. 499, 504, 115 S.Ct. 1597, 1601, 131 L.Ed.2d 588 (1995) (quoting *Collins v. Youngblood,* 497 U.S. 37, 43, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30 (1990)).  As we have previously explained, "[t]wo elements must be present before a court can find an ex post facto violation:  '[F]irst, the law "must be retrospective, that is, it must apply to events occurring before its enactment"; and second, "it must disadvantage the offender affected by it".' "  *United States v. Lozano,* 138 F.3d 915, 916 (11th Cir.1998) (citations omitted).  Appellant concedes that the "three strikes" law went into effect before he committed the bank robbery at issue in this appeal.  Accordingly, Appellant cannot demonstrate an ex post facto violation.[1]

Appellant instead argues that the plain language of the statute does not allow his two prior convictions to serve as the basis for the imposition of a mandatory life sentence.  Appellant also claims that the rule of lenity should apply because no court interpreted the statute to include prior convictions like Appellant's until two years after Appellant's offense.  We reject both contentions.

As an initial matter, section 3559(c) clearly applies to Appellant.  Section 3559(c)(1) requires a sentence of life imprisonment for an individual convicted of a serious violent felony if that person has two

---

[1]This conclusion brings us in line with all of the Circuits to address this issue.  *See United States v. Kaluna,* --- F.3d ---- (9th Cir.1999) (en banc);  *United States v. Rasco,* 123 F.3d 222, 227 (5th Cir.1997), *cert. denied,* 522 U.S. 1083, 118 S.Ct. 868, 139 L.Ed.2d 765 (1998);  *United States v. Washington,* 109 F.3d 335, 338 (7th Cir.), *cert. denied,* 522 U.S. 847, 118 S.Ct. 134, 139 L.Ed.2d 82 (1997);  *United States v. Farmer,* 73 F.3d 836, 841 (8th Cir.1996).

or more prior convictions for serious violent felonies. Section 3559(c)(2)(F) defines "serious violent felony" as:

> (i) a Federal or State offense, by whatever designation and wherever committed, consisting of ... robbery (as defined in section 2111, 2113, or 2118); ... and

> (ii) any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense.

Appellant does not dispute that his two prior robbery convictions in Puerto Rico satisfy subsection (ii).[2] Instead, Appellant contends that the statute requires an offense to meet both subsection (i) and subsection (ii) before the statute classifies the offense a "serious violent felony." Appellant maintains that his prior robbery convictions do not fall within the ambit of subsection (i) and thus the statute does not classify them as "serious violent felonies."

We cannot agree that section 3559(c)(2)(F) requires past offenses to meet the elements of both subsections before the offenses count as "serious violent felonies." The plain language of the statute says that the realm of "serious violent felonies" consists of the enumerated types of crimes in subsection (i) *and* other crimes which do not fall within the strictures of subsection (i) but meet the criteria of subsection (ii). This conclusion comports with the opinions of other Circuits which have addressed this issue. *See, e.g., United States v. Wicks,* 132 F.3d 383, 386 (7th Cir.1997) (proceeding to analyze whether or not defendant's prior convictions met subsection (i) after noting that they did not meet subsection (ii) because they carried a maximum penalty of seven years), *cert. denied,* 523 U.S. 1088, 118 S.Ct. 1546, 140 L.Ed.2d 694 (1998); *Farmer,* 73 F.3d at 842 (rejecting defendant's claim that his prior convictions did not fall within subsection

---

[2]While the record does not reveal the facts underlying those convictions, the applicable law defines robbery as unlawfully appropriating personal property from a person "against his will, by means of violence or intimidation." P.R. LAWS ANN. tit. 33, § 4279 (1995). The offense carries a punishment of imprisonment for a fixed term of twelve years with a minimum of eight years and a maximum of twenty years (depending on aggravating or mitigating factors) if the robbery occurs outside of a house or residential building. *Id.*

(i) "because we think it clear that Hobbs Act robbery qualifies as a serious violent felony under subparagraph (ii)").

We also reject Appellant's argument that his prior convictions do not fall within subsection (i). Appellant claims that subsection (i) includes only robberies as defined in 18 U.S.C. §§ 2111 (robbery in maritime and territorial jurisdiction), 2113 (bank robbery), and 2118 (robbery in connection with drugs in the control of a person registered with the Drug Enforcement Administration), not any other type of robbery, including robbery as defined by the law of any state. As the Seventh Circuit convincingly explained:

> [Appellant's] approach ignores the wording of the statute and narrows it unduly. Congress did not simply provide a list of federal crimes and indicate that when the states had a precise counterpart the law would be triggered. Instead, it said that serious violent felonies included "Federal *or State offense[s]* by whatever designation and wherever committed." § 3559(c)(2)(F)(i). It is hard to see why Congress would have used this language, if it had meant that every detail of the federal offense, including its jurisdictional elements, had to be replicated in the state offense.

*Wicks,* 132 F.3d at 386-87 (emphasis added). We agree that the plain meaning of § 3559(c)(2)(F)(i) demonstrates that Congress included robbery, as defined by, for example, the law of Puerto Rico. *See Wicks,* 132 F.3d at 387 (looking to the "common theme among §§ 2111, 2113, and 2118, not the differentiating factors"); *Farmer,* 73 F.3d at 843 (observing that subsection (i) includes the state offenses of murder and robbery).[3]

IV. CONCLUSION

---

[3]We also reject Appellant's contentions that his life sentence violates the Ex Post Facto Clause because no court had held that state offenses sufficed under subsection (i) until the Seventh Circuit's opinion in 1997—two years after Appellant's offense. As noted above, the "three strikes" law went into effect before Appellant's offense and clearly applies to state offenses. This situation does not resemble the one in *Miller v. Florida,* 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), in which the Supreme Court applied the Ex Post Facto Clause to invalidate a sentence based on a state's revision of its sentencing guidelines which increased the punishment for an offense after the defendant committed it. We also reject Appellant's contention that the rule of lenity required the district court to impose a lower sentence. Because we find no ambiguity in section 3559(c), the rule of lenity does not apply. *See also Wicks,* 132 F.3d at 383 (rejecting use of rule of lenity and noting that "the language of the statute and its legislative history support the proposition that it reaches a broad range of both state and federal crimes").

Congress passed the "three strikes" law before Appellant committed his most recent offense. That "three strikes" law clearly governs Appellant's unlawful conduct. Accordingly, we reject Appellant's challenges to his sentence.

AFFIRMED.