# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1610

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| Gaylon Richard Cox, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  September 14, 2000

Filed:  September 19, 2000

_____

Before LOKEN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

FAGG, Circuit Judge.

Gaylon Richard Cox sent his sixteen-year old girlfriend into an Arkansas bank with a toy pistol tucked in her waistband and a note, which read:

> This is a police scanner attached to my ear.  It will notify me if the silent alarm is activated.  When that happens I will shoot you.  Start with the reserve drawer.  Begin with hundreds and work on down.  No change! Take care to not set off your alarm, the consequences will be fatal.

Remove all bills from the top drawer. Break the bands on all money as it is placed on the counter. Dye bombs and tracking devices <u>will not</u> be tolerated!
You have precisely <u>1 minute</u>.

Cox's girlfriend handed the demand note to a teller who saw the handle of the toy gun and believed it was a real weapon. After the teller complied with the note's instructions, Cox's girlfriend left the bank and rendezvoused with Cox, who had parked the getaway car about a block from the bank. Cox was eventually arrested and pleaded guilty to aiding and abetting a bank robbery. The district court sentenced Cox to life imprisonment under the "three strikes" statute, which requires mandatory life imprisonment when "a person who is convicted . . . of a serious violent felony . . . has been convicted . . . on separate prior occasions . . . [of] 2 or more serious violent felonies." 18 U.S.C. § 3559(c)(1)(A)(i) (1994).

On appeal, Cox concedes he has two earlier serious violent felony convictions but argues his conviction for aiding and abetting robbery in this case is a nonqualifying felony under § 3559(c)(3)(A) and thus cannot count as his third strike. We disagree.

Section 3559(c)(3)(A) provides:

Robbery . . . shall not serve as a basis for sentencing under [the three strikes statute] if the defendant establishes by clear and convincing evidence that –
(i) no firearm or other dangerous weapon was used in the offense and no threat of use of a firearm or other dangerous weapon was involved in the offense; and
(ii) the offense did not result in death or serious bodily injury . . . to any person.

The Government concedes no one was injured or killed during the Arkansas bank robbery, and thus to succeed in his appeal Cox need only show that no firearm or other dangerous weapon was used and that no threat of the use of such a weapon was involved in the robbery. See United States v. Washington, 109 F.3d 335, 337 (7th Cir. 1997) (defendant must satisfy both subsections (i) and (ii) of § 3559(c)(3)(A) to escape mandatory life imprisonment). This Cox cannot do. As the district court concluded, Cox's claim fails because "the fact that there existed 'the threat of use' of a firearm is not [subject to legitimate dispute]." (Dist. Ct. Mem. Op. at 4.)

The threat of use of a firearm occurs when, as here, there is "a 'communicated expression to a victim that the defendant would use a firearm.'" United States v. Jones, No. 99-4071, 2000 WL 675989, at *9 (10th Cir. May 24, 2000) (quoting United States v. Gottlieb, 140 F.3d 865, 872 (10th Cir. 1998)). The demand note handed to the teller during the robbery plainly stated the teller would be shot if the silent alarm was activated. We agree with the district court that "[t]he note, particularly when combined with what appeared to the teller to be a gun stuffed in [the] waistband [of Cox's girlfriend], clearly constitutes the 'threat of use' of a firearm." (Dist. Ct. Mem. Op. at 4); see Jones, 2000 WL 675989, at *8-9 (defendant threatened use of firearm during bank robbery by announcing he had a gun and making gestures consistent with having gun); Washington, 109 F.3d at 337 (demand note that stated "I have a gun" implied threat of use of firearm). Contrary to Cox's view, "[t]he fact that no gun was actually present does not prevent [the note] from being a 'threat.'" Jones, 2000 WL 675989, at *9.

Because the threat of the use of a firearm was involved in the Arkansas bank robbery, Cox cannot satisfy § 3559(c)(3)(A)(i) and the district court properly sentenced Cox under the three strikes statute. We affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.