# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3604

_____

Gaylon Richard Cox,                  *
                                     *

        Appellant,         *    Appeal from the United States
                                     *    District Court for the Eastern
    v.                      *    District of Arkansas.
                                     *

United States of America,      *       [PUBLISHED]
                                     *

        Appellee.          *

_____

Submitted: June 28, 2002

Filed:  July 1, 2002

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Gaylon Richard Cox pleaded guilty to aiding and abetting bank robbery, being a felon in possession of a firearm, and attempting to escape from custody. The district court sentenced Cox to life imprisonment under 18 U.S.C. § 3559(c). Cox appealed, and we affirmed. See United States v. Cox, 225 F.3d 1018 (8th Cir. 2000).

Cox then filed the present 28 U.S.C. § 2255 motion asserting four grounds for relief. The district court denied the motion, and granted a certificate of appealability (COA) on two issues: whether Cox's guilty plea was involuntary because of mental illness and medication, and whether he was denied effective assistance of counsel.

On appeal, Cox argues counsel was ineffective for failing to request an independent psychiatric evaluation, by which to show Cox's incompetence, and for failing to petition for certiorari as promised. He also attempts to challenge the application of section 3559(c), but our review is limited to the issues specified in the COA. See Hubbeling v. United States, 288 F.3d 363, 364-65 (8th Cir. 2002).

We conclude Cox did not establish counsel's ineffectiveness on the competency issue. See United States v. Duke, 50 F.3d 571, 576 (8th Cir.), cert. denied, 516 U.S. 885 (1995); Iron Wing v. United States, 34 F.3d 662, 664 (8th Cir. 1994). No evidence suggests the court-ordered psychiatric evaluation–finding Cox legally responsible at the time of the offense and competent to stand trial–was flawed. See Pool v. Armontrout, 852 F.2d 372, 376-77 (8th Cir. 1988), cert. denied, 489 U.S. 1023 (1989). Moreover, at the plea hearing Cox stated he understood the charge and understood he faced a life sentence if the government prevailed on its section 3559(c) motion; the district court, having observed his demeanor and behavior in the courtroom, found he behaved rationally throughout the proceedings; and no evidence indicates any medication rendered him incompetent. See United States v. Jimenez-Villasenor, 270 F.3d 554, 561 (8th Cir. 2001).

We agree with the government, however, in light of counsel's failure to file the promised petition for certiorari, that our judgment affirming Cox's conviction should be vacated and a new judgment entered to allow the timely filing of the petition. See Wilkins v. United States, 441 U.S. 468, 469 (1979) (per curiam); Wilson v. United States, 554 F.2d 893, 894 (8th Cir.) (per curiam), cert. denied, 434 U.S. 849 (1977). Accordingly, we vacate the judgment entered on September 19, 2000 in United States v. Cox, No. 00-1610, and direct the clerk to enter a new judgment. We otherwise affirm the district court.

A true copy.

Attest:

    CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.