UNITED STATES of America,
Plaintiff,

v.

Kofie Akiem JONES, Defendant.

No. CIV.A.1:03 CR 47–01.

United States District Court,
N.D. West Virginia.

May 20, 2004.

James M. Pool, Clarksburg, D. Conrad Gall, Fairmont, WV, for defendant.

Robert H. McWilliams, Jr., AUSA, United States Attorney, Wheeling, WV, for U.S.

## MEMORANDUM OPINION AND ORDER CONFIRMING THE PRONOUNCED ORDER OF THE COURT IMPOSING LIFE SENTENCE

STAMP, District Judge.

### I. *Introduction*

On September 4, 2003, a grand jury in the Northern District of West Virginia charged the defendant, Kofie Akiem Jones, along with three others, in a six-count indictment stemming from an attempted bank robbery and an armed bank robbery that occurred on July 19, 2003 in Morgan-

town, West Virginia. The defendant's trial on these charges commenced on January 26, 2004. On January 28, 2004, a jury found the defendant guilty of all six counts of the indictment.

On March 29, 2004, the government filed a memorandum addressing the applicability of a life sentence for the defendant. In this memorandum, the government argued that, pursuant to 18 U.S.C. § 3559(c)(1)(A)(i), the defendant was a "Three–Strikes" offender and should receive a sentence of life imprisonment. The defendant did not respond to the government's memorandum.

On May 17, 2004, this Court held a sentencing hearing for the defendant at the Clarksburg point of holding court. During the hearing, this Court conducted a special inquiry to determine whether 18 U.S.C. § 3559(c)(1) should be applied to the defendant. The parties offered witnesses to support their positions and both sides presented oral argument on the issue. At the conclusion of the hearing, this Court determined that 18 U.S.C. § 3559(c)(1) was applicable and sentenced the defendant to life imprisonment. This memorandum opinion and order confirms the pronounced order of the Court and further explains the reasoning for the Court's decision.

## II. *Applicable Law*

Title 18, United States Code, Section 3559(c)(1), also known as the "Three–Strikes" provision, states in pertinent part:

> Notwithstanding any other provision of law, a person who is convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if—
>
> (A) the person has been convicted (and those convictions have become final) on separate prior occasions in a court of the United States or of a State of—

> (i) 2 or more serious violent felonies; or
>
> (ii) one or more serious violent felonies and one or more serious drug offenses; and
>
> (B) each serious violent felony or serious drug offense used as a basis for sentencing under this subsection, other than the first, was committed after the defendant's conviction in the preceding serious violent felony or serious drug offense.

18 U.S.C. § 3559(c)(1).

The term "serious violent felony" is defined in § 3559(c)(2)(F). Subsection (i) of the definition lists specific qualifying offenses, which include murder, manslaughter, certain sexual offenses, aircraft piracy, robbery, carjacking, arson, and certain firearms charges. In subsection (ii), the definition further encompasses:

> any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense.

18 U.S.C. § 3559(c)(2)(F)(ii). Past offenses need not fulfill the requirements of both subsection (i) and (ii) to count as "serious violent felonies." *United States v. Rosario–Delgado*, 198 F.3d 1354, 1356–57 (11th Cir.1999).

The statute goes on to identify certain "nonqualifying felonies." It specifically notes that:

> Robbery, an attempt, conspiracy, or solicitation to commit robbery; or an offense described in paragraph (2)(F)(ii) shall not serve as a basis for sentencing under this subsection if the defendant

establishes by clear and convincing evidence that—

(i) no firearm or other dangerous weapon was used in the offense and no threat of use of a firearm or other dangerous weapon was involved in the offense; and

(ii) the offense did not result in death or serious bodily injury ... to any person.

18 U.S.C. § 3559(c)(3)(A).

"Section 3559(c)(1) places the burden on the government to demonstrate that a defendant was convicted of at least two prior offenses that qualify as 'serious violent felonies' under § 3559(c)(2)(F)." *United States v. Kaluna*, 192 F.3d 1188, 1193–94 (9th Cir.1999). However, if a defendant asserts that a prior offense is a "nonqualifying felony" under § 3559(c)(3)(A), the burden shifts to the defendant to prove this affirmative defense by clear and convincing evidence. *Id.* at 1196.

### III. *Discussion*

The government contends that the defendant has two previous qualifying felonies, or "strikes." The government alleges that the defendant's first strike is a robbery conviction in the State of Maryland in April 1996. The second alleged strike is the defendant's conviction for second degree assault, which occurred in the State of Maryland in December 2001.

At the sentencing hearing, the defendant's counsel asserted that neither of these offenses should be construed as a strike. First, defendant's counsel argued that the 1996 robbery conviction was a "nonqualifying felony" under § 3559(c)(3)(A), because no firearm or other dangerous weapon was used in the offense and the defendant and his accomplice did not threaten to use a firearm or other dangerous weapon against the victim. Second, the defendant's counsel offered testimony from the victim of the 2001 assault conviction that the defendant

did not actually take part in this crime. Further, the defendant's counsel argued that the 2001 assault should not count as a strike because it is a misdemeanor under Maryland law, rather than a felony.

### A. *Robbery Conviction*

■ As previously noted, the burden is on the defendant to prove by clear and convincing evidence that his previous robbery conviction is a nonqualifying felony under § 3559(c)(3)(A). In order for the defendant to satisfy the first prong of § 3559(c)(3)(A), he must demonstrate that (1) no firearm or other dangerous weapon was used and (2) no threat of use of a firearm or other dangerous weapon was involved in the offense. The government does not dispute the fact that no firearm or dangerous weapon was "actively employed" during the commission of the offense. *See United States v. Gottlieb*, 140 F.3d 865, 870–71 (10th Cir.1998) (concluding that the word "used" in § 3559(c)(3)(A)(i) means "active employment"). Thus, this Court will limit its analysis to whether the threat of use of a firearm or dangerous weapon was present.

At the sentencing hearing, the government presented testimony from the victim of the 1996 robbery. The victim testified that the defendant and another individual robbed him while he was using an automated teller machine (ATM). He further testified that during the robbery, the perpetrators stood on each side of him, each with a hand in their pocket holding an object that bulged under their nylon pants. The victim stated that the objects in their pockets extended to just above their knees, and that the victim perceived them to be dangerous weapons of some type, possibly sawed-off shotguns or large clubs. He stated during cross-examination that, while the perpetrators never brandished a weapon, threatened to use a weapon, or pulled

their hands out of their pockets to show him the objects that they held, he believed at the time that they were armed.

Defense counsel argued that the offense was a nonqualifying felony because no firearm or other dangerous weapon was brandished and the defendant and his accomplice did not threaten to use a firearm or other dangerous weapon against the victim. The government responded that the statute does not require proof that an actual firearm or dangerous weapon was present; rather, the statute requires that the threat of use of a firearm or dangerous weapon exist during the commission of the offense. Thus, the central issue before this Court is whether the victim's perception that a firearm or dangerous weapon was hidden in the defendant's pants pocket was sufficient to constitute a threat of use of a firearm or dangerous weapon under the statute.

The statute does not define the term "threat of use" for the purposes of determining whether an offense is a nonqualifying felony. However, the limited case law in this area suggests that the phrase includes "a communicated expression to a victim that the defendant would use a firearm." *Gottlieb*, 140 F.3d at 872; *see also United States v. Cox*, 225 F.3d 1018, 1019 (8th Cir.2000); *United States v. Jones*, 213 F.3d 1253, 1262 (10th Cir.2000). Thus, the issue turns on whether the defendant's nonverbal behavior—i.e., his hand in his pocket, holding a protruding object that resembles a sawed-off shotgun or large club—may be construed as a "communicated expression to the victim that the defendant would use a firearm."

This Court finds Fourth Circuit case law instructive in making this determination. The Fourth Circuit has held that a threatening communication may be proven by showing that "an ordinary, reasonable [person] who is familiar with the context of the [communication] would interpret it as a threat of injury." *United States v. Maisonet*, 484 F.2d 1356, 1358 (4th Cir.1973), *cert. denied*, 415 U.S. 933, 94 S.Ct. 1447, 39 L.Ed.2d 491 (1974); *see also United States v. Maxton*, 940 F.2d 103, 106 (4th Cir. 1991). This Court believes that a reasonable person in the situation described by the victim would perceive a threat of use of a firearm or dangerous weapon. The defendant and his accomplice kept their hands in their pockets near large protruding objects that were hidden within the confines of their pants while demanding money from the victim. This Court feels that the victim's perception of the threatened use of a firearm or dangerous weapon was reasonable under these circumstances.

Moreover, the burden is on the defendant to prove by clear and convincing evidence that no threat of use of a weapon was present during the commission of this offense. The defendant has presented no evidence to refute the testimony of the victim or to support his argument that no threat was present. Thus, the defendant has failed to meet his burden. For these reasons, this Court concludes that § 3559(c)(3)(A) does not apply to the 1996 robbery conviction, and it must be counted as a strike under § 3559(c)(1)(A).

## B. *Assault Conviction*

The second conviction at issue is a 2001 second degree assault charge. At the hearing, defense counsel argued that this offense should not serve as a strike for two reasons: (1) the victim of the crime now believes that the defendant did not take part in that assault; and (2) the charge is a misdemeanor under Maryland law, rather than a felony and, thus, does not qualify as a "serious violent felony" under the statute.

In support of his first argument, the defendant presented the testimony of the

victim of the assault. The victim testified that, while he did not remember the details of the assault or who attacked him, he felt certain that the defendant did not take part in the assault. On cross-examination, the government again asked the victim if he could remember any of the events that took place, and he indicated that he did not. Because this Court does not find the testimony of this witness at the sentencing hearing to be particularly credible, this Court declines to disregard the assault conviction on that basis.

 In support of his second argument, the defendant's counsel asserted during oral argument that § 3559(c)(1)(A) specifically requires strikes to be "serious violent *felonies*;" hence, a misdemeanor conviction cannot qualify, regardless of the nature of the crime or the maximum term of imprisonment. In response, the government argued that, while the term "felony" was used in the statute, the statute further defined the term "serious violent felony" as "any other *offense* punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another ..." 18 U.S.C. § 3559(c)(1)(F)(ii) (emphasis added). The government argued that the assault conviction met the statutory definition for "serious violent felony" and thus qualified as a strike.

This Court finds the government's argument persuasive. The defendant's 2001 assault conviction meets the statutory definition for "serious violent felony" regardless of its designation under Maryland law. The assault conviction held a maximum term of imprisonment of ten years and resulted in serious injury to the victim, who was hospitalized with severe head injuries after the incident. Consequently, this Court finds that the assault conviction constitutes a second strike against the defendant for the purposes of § 3559(c)(1)(A).

### IV. *Conclusion*

Based on the findings above, this Court must conclude that the defendant meets the requirements of 18 U.S.C. § 3559(c)(1)(A). This Court finds that the defendant has been convicted on separate prior occasions of two serious violent felonies, as defined in § 3559(c)(1)(F), and that these convictions were sequential. For this reason, it is necessary to sentence the defendant to mandatory life imprisonment pursuant to the statute.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the defendant and to counsel of record herein.