**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4401**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KOFIE AKIEM JONES,

Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Frederick P. Stamp, Jr., District Judge. (CR-03-47)

---

Submitted: January 19, 2005          Decided: February 9, 2005

---

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Brian A. Glasser, Leah P. Macia, BAILEY & GLASSER, L.L.P., Charleston, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Robert H. McWilliams, Jr., Michael D. Stein, Assistant United States Attorneys, Wheeling, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kofie Akiem Jones ("Jones") appeals the final judgment of the district court sentencing him to six concurrent life sentences. Following a jury trial, the district court concluded that Jones was a "Three Strikes" offender pursuant to 18 U.S.C. § 3559(c)(1) (2000). This determination was made during Jones' sentencing hearing, in which the district court conducted a special inquiry and determined that Jones was convicted of at least two prior offenses that qualify as "serious violent felonies" under § 3559(c)(2)(F).

On appeal, Jones challenges the use of a 1996 conviction for a 1994 robbery as a "strike" under the statute. Jones argues that his 1994 robbery was a "non-qualifying felony" under § 3559(c)(1) because Jones and his accomplice (1) never brandished a weapon or (2) threatened to use a weapon.

Based on our thorough review of the record, we find that statements made by Jones and his accomplice to the victim, combined with the appearance of large, protruding objects under the robbers' pants, conveyed a threat that the victim might be assaulted with those objects. As a result, we find that Jones has failed to prove, by clear and convincing evidence, that no "threat of use" of a firearm or dangerous weapon was involved in the 1994 robbery. See United States v. Kaluna, 192 F.3d 1188, 1193-94 (9th Cir. 1999) (stating that if a defendant asserts that a prior offense is a "nonqualifying felony" under § 3559(c)(3)(A), the burden shifts to

the defendant to prove this affirmative defense by clear and convincing evidence).

Accordingly, we affirm on the reasoning of the district court. See United States v. Jones, 319 F. Supp. 2d 703 (N.D.W. Va. 2004). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED